IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dameun Sanders, | C/A No. 1:15-3613-JMC-PJG |
| Plaintiff, | |
| v. | |
| Detective Jeff Key; Brian Keisler, *Detective*; Judge Gibson Oneal Fallow, Jr.; Judge Donna Hutt Williamson; David W. Miller, *Solicitor*; De Grant Gibbons, *Public Defender*, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

The plaintiff, Dameun Sanders, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff is an inmate at Lee Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

Plaintiff alleges that Defendant Judge Gibson Oneal Fallow, Jr., and Defendant Judge Donna Hutt Williamson issued warrants for Plaintiff's arrest in May and June of 2009, while Plaintiff was seventeen years old and serving a sentence under the Youthful Offenders Act ("YOA"). (ECF No. 1 at 3.) Plaintiff complains that Defendant Detective Jeff Key intentionally withheld the warrants, which allegedly listed weapons offenses, until Plaintiff turned eighteen and finished his YOA sentence in May of 2011. (Id. at 3-4.) Defendant Brian Keisler, also identified as a detective, is named for arresting Plaintiff pursuant to the warrants along with Defendant Key. (Id. at 7.) Plaintiff asserts that Defendant Solicitor David. W. Miller pursued a criminal conviction against Plaintiff

despite knowing that the warrants were issued while he was a juvenile. (Id. at 4.) Plaintiff further claims that Defendant Miller was aware that Plaintiff suffered from a mental disability, but failed to hold a competency hearing in the criminal case. (Id.) Plaintiff names Defendant Public Defender De Grant Gibbons for allegedly convincing Plaintiff to enter a guilty plea to the charges listed on the warrants despite knowing that such warrants lacked probable cause. (Id. at 5.) Plaintiff indicates that he entered a guilty plea "under duress" to the charges on September 21, 2011. (Id. at 3.) Plaintiff seeks monetary damages and injunctive relief.[1] (Id. at 10.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

---

[1] To the extent Plaintiff seeks release from confinement, such relief is not available under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).



a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to

---

[2]  Screening pursuant to § 1915A is subject to this standard as well.



include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988). In the instant action, Plaintiff alleges claims of false arrest, false imprisonment, and illegal search and seizure under the Fourth Amendment.  Plaintiff further asserts a violation of his right to due process by the defendants under the Fourteenth Amendment and a claim of conspiracy under 42 U.S.C. §§ 1983, 1985.[3]  However, for the reasons discussed below, the court finds that Plaintiff fails to state a claim upon which relief may be granted.

#### 1.     Improper Defendants under § 1983

##### a.     Judicial Immunity—Fallow and Williamson

It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions.  Mireless v. Waco, 502 U.S. 9, 12 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th

---

[3] The court notes that Plaintiff also cites to 42 U.S.C. § 1982, but provides no factual allegations to plausibly suggest that the defendants impeded Plaintiff's right to inherit, purchase, lease, sell, hold, and convey real and/or personal property.



Cir. 1985). Judges are also protected from claims for injunctive relief as § 309(c) of the Federal Courts Improvement Act, Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."[4] 42 U.S.C. § 1983; see also Donato Malave v. Abrams, 547 F. App'x 346, 347 (2013) (affirming district court's holding that state court judges were immune from claims for injunctive relief under § 1983 where plaintiff did not show the violation of a declaratory decree or the unavailability of declaratory relief). Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, Mireless, 502 U.S. at 11, Plaintiff's claims against Defendants Fallow and Williamson for the issuance of arrest warrants are subject to summary dismissal.

### b.     Prosecutorial Immunity—Miller

Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). Thus, the Plaintiff's claims against Defendant Miller for prosecuting Plaintiff's state criminal charges are barred from suit under § 1983. Accordingly, this defendant is entitled to summary dismissal from this case.

---

[4] Plaintiff does not allege that the prerequisites for injunctive relief have been satisfied in this case.



### c. No State Action—Gibbons

An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. See Polk Cty. v. Dodson, 454 U.S. 312, 317-24 nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Thus, Plaintiff's claims alleging ineffective representation in state court proceedings by Defendant Gibbons are also subject to summary dismissal.

### 2. Fourth and Fourteenth Amendment Claims

Plaintiff identifies Defendants Key and Keisler as state actors who could be amenable to suit under § 1983. However, the United States Supreme Court has held that a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can show that the conviction or sentence has been previously invalidated. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). In this case, Plaintiff indicates that he entered a guilty plea to the charges associated with the warrants served by Defendants Key and Keisler and a favorable determination on the merits of Plaintiff's Fourth and Fourteenth Amendment claims would require a finding that these defendants lacked probable cause for the arrest resulting in Plaintiff's criminal convictions. As Plaintiff provides no factual allegations to plausibly suggest that his convictions have been successfully challenged or invalidated, Plaintiff's claims associated with his arrest and criminal proceedings are barred under Heck and subject to summary dismissal.

PJG

### 3. Conspiracy Claims

Under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. See Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995). "To establish a conspiracy under [42 U.S.C.] § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in [the] deprivation of a constitutional right." Glassman v. Arlington Cty., 628 F.3d 140, 150 (4th Cir. 2010) (alterations in original) (quoting Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996)). The plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Hinkle, 81 F.3d at 421. His factual allegations must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan," and must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 421-22. In this case, Plaintiff provides no concrete facts to show that the defendants came to any mutual understanding, or acted jointly to deprive Plaintiff of any constitutional right. Thus, Plaintiff's conspiracy claims against the defendants are also subject to summary dismissal.

### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

October 7, 2015
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).